UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JEREMIAH YOUNG,                    )
                                   )
                    Plaintiff      )
                                   )
            v.                     )          Civil No. 1:16-cv-00407
                                   )
MAINE DEPARTMENT OF CORRECTIONS,   )
      et als.,                     )
                                   )
                    Defendants     )

**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to F. R. Civ. P., Rule 56(a), defendants hereby move for partial summary judgment as to plaintiff's claim for compensatory damages for mental and emotional distress and his claims against the Maine Department of Corrections.  As grounds for this motion, defendants state that there are no issues of material fact and that defendants are entitled to judgment as a matter of law on these claims.  Specifically, defendants state that plaintiff's claim for damages for mental or emotional distress are barred by the fact that he did not sustain more than *de minimis* physical injuries; and that the Maine Department of Corrections, as an agency of the state, may not be sued in federal court.

**FACTS**

Jeremiah Young, a prisoner incarcerated at the Maine State prison, brings this action against defendants Corrections Sgt. Scott Harvey and Corrections officer Jordan Miller, alleging that they failed to take steps to protect him from an assault by his cell mate.  In addition, Young has named the Maine Department of Corrections as a party, alleging that Harvey and Miller were

"acting on behalf of the the Department of Corrections."  *Complaint, ¶ IV.*  Young alleges that, as a result of the assault, which occurred on July 5, 2016, he "suffered a great deal" and has nightmares all the time.  *Complaint, p. 4.*  He seeks compensatory damages in the amount of $150,000. *Complaint, p. 3.*

Young was examined by the prison's medical department immediately after the alleged assault.  The record of that encounter shows that he sustained abrasions on his left ear, the left corner of his left eye, the top of his right temple and his upper lip.  In addition, he sustained a bite wound on the outer aspect of his right pinky finger and ring fingers.  These wounds did not require sutures; the pinky finger wound was closed with three steri-strips and the skin on the ring finger was barely broken and only required cleaning.

Young was seen in follow-up the next day for a bandage change.  At that time, the nurse noted swelling and bruising of a finger and recommended ice.

Three days after the incident, Young was seen again.  The record reflects that his bite wound was healing well.  There was some question of tendon damage or a fracture of one of his fingers, and an x-ray was ordered.

On July 11, Young was evaluated for a fracture of his finger. The x-ray showed a "transverse, minimally displaced fracture."[1] He was advised to rest and ice the finger, and he was provided a splint and the finger was "buddy taped" to the one next to it.

On August 6, Young submitted a sick call slip noting that his finger was still swollen and painful.  On August 9, he requested a NSAID for finger pain; the record notes a normal examination at that time.   The record does not reflect any further treatment of the injuries he sustained in the alleged assault.

---

[1] The radiologist's report refers to a fracture of the first distal phalanx, i.e., the thumb.  This was apparently an error, as Young did not complain of any injury to his thumb.

In his deposition, Young testified that he sustained a bite on his right hand that was bleeding but confirmed the second bite on his ring finger was minor and the skin barely broken. He confirmed that he sustained bruising and scratching on his neck and face, "and that was it, really." Although he did sustain a broken finger, he does not know how that happened.

**Argument**

**5.  Absent more than a *de minimis* physical injury, plaintiff may not recover damages for mental or emotional distress.**

The Prison Litigation Reform Act states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  In *Siglar v. Hightower*, 112 F. 3d 191, 193 (5th Cir. 1997), the Court of Appeals interpreted §1997e(e) as requiring an injury that is more than *de minimis*, although the injury need not be significant.  In that case, it was alleged that a guard twisted plaintiff inmate's arm behind his back and twisted his ear, causing the ear to be bruised for three days.  The court held that this injury was *de minimis*, and that the inmate's claim for emotional distress damages was barred by the PLRA. The *de minimis* interpretation of *Siglar* has since been adopted in several other circuits.  *Mitchell v. Horn*, 318 F. 3d 523 (3d Cir. 2003) (joining Fifth, Ninth and Eleventh Circuits in adopting *de minimis* formulation.)  *C.f.*, *Oliver v. Keller*, 289 F. 3d 623 (9th Cir. 2002) (severe back pain from cramped holding cell with no bed, being chilled to the bone by excessive air conditioning); *Pearson v. Wellborn*, 471 F. 3d 732 (7th Cir. 2006) (loss of fifty pounds due to emotional distress of retaliatory segregated confinement); *Alexander v. Tippah County*, 351 F. 3d 626 (5th Cir. 2003) (vomiting from smell of raw sewage in unsanitary cell);  *Glosson v. Morales,*

469 F. Supp. 827, 834 (S.D. Cal. 2007 (minor abrasion on knee, scratch on chin, two minor bumps on head); *Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex. 1997) ("A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional.  It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc…") *Marino v. Commissioner*, 2009 WL 1150104 (D. Me.) (recognizing that PLRA requires physical injury, not just physical pain.)

In this case, the injuries described in the medical records and Young's own testimony - a small bite wound that did not require stitches and healed without incident, bruises, scratches and abrasions - may fairly be described as *de minimis*.  The most serious injury observed after the incident was a fracture of the ring finger.   As noted above, Young is unable to say how his finger became fractured.  Even if it can be inferred that the fracture was related to the altercation, it required no medical care beyond a splint and "buddy-taping."  Thus, this injury does not rise above the level that would entitle Young to claim damages for mental and emotional distress.

**2.  The Maine Department of Corrections, as an agency of the state, may not be sued in federal court.**

The Eleventh Amendment prevents a state and its agencies from being sued in federal court on any claim, whether based in federal or state law, and regardless of the relief sought. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989, 66, 70; *Pennhurst State School and Hospital v. Halderman*, 465 U. S. 89, 99-100 (1984).  *See also, Poirier v. Mass. Dept. of Corrections*, 558 F. 3d 92, 97 and n. 6 (1st Cir. 2009) (states and their agencies are entitled to immunity regardless of relief sought.)  This immunity also applies to agency officials sued in their official capacities. *Rosie D. ex rel. John D. v. Swift*, 310 F.3d 230, 234 (1st Cir. 2002);

*Grenier by and through Grenier v. Kennebec County*, 733 F. Supp. 455, *amended*, 749 F. Supp. 49 (D. Me. 1990).

The U.S. Supreme Court has held that a State is not a "person" under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Court reasoned: "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."  *Will*, 491 U.S. at 66.   The Court also found that Congress did not override a State's sovereign immunity in enacting § 1983, and this precluded suit against a state in either federal or state court for a violation of this section.  *Id*.  Therefore, a judgment of dismissal should be entered as to the Department of Corrections.

**Conclusion**

For the reasons stated above, judgment the court should enter judgment in favor of the defendants as to plaintiff's claims for mental and emotional distress and should enter a judgment of dismissal as to the Department of Corrections.

May 18, 2017                                      ___/s/ James E. Fortin____
                                                 James E. Fortin
                                                 Assistant Attorney General

Office of the Attorney General
Six State House Station
Augusta, ME 04333
626-8800

Certificate of Service

The undersigned hereby certifies that he electronically filed the above document with the Clerk of Court using the CM/ECF system, and that he mailed a copy, postage paid, to the plaintiff at the following address:

Jeremiah Young
Maine State Prison
807 Cushing Road
Warren, ME 04864

May 18, 2017                                        /s/ James E. Fortin
                                                   James E. Fortin
                                                   Assistant Attorney General