UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JEREMIAH YOUNG, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
|     v. | )    1:16-cv-00407-JCN |
| | ) |
| DEPARTMENT OF CORRECTIONS, et al., | ) |
| | ) |
| | ) |
|     Defendants | ) |

**DECISION AND ORDER ON DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT**

In this action, Plaintiff alleges Defendants were deliberately indifferent to a substantial risk of serious harm to him when they failed to protect him from an assault by another inmate.

The matter is before the Court on Defendants' motion for partial summary judgment. (ECF No. 37.) Through their motion, Defendants argue that Plaintiff did not experience more than a de minimis physical injury and, therefore, Plaintiff cannot recover damages for mental or emotional pain and suffering. Defendants further argue that Plaintiff cannot recover money damages from Defendant Maine Department of Corrections through a civil action filed in this Court.

Following a review of the summary judgment record and after consideration of the parties' arguments, the Court grants in part Defendant's motion and dismisses Plaintiff's claim against the Maine Department of Corrections.

## S<small>UMMARY</small> J<small>UDGMENT</small> R<small>ECORD</small> [1]

Plaintiff Jeremiah Young, a prisoner incarcerated at the Maine State prison, was injured in an assault by another inmate on July 5, 2016. According to Plaintiff, as a result of the assault, in addition to the physical injuries he suffered, he has "suffered a great deal" and has nightmares all the time. Plaintiff seeks compensatory damages. (Defendants' Statement of Material Facts ¶ 1, ECF No. 38.)

Plaintiff was examined by the prison's medical department immediately after the assault. The medical record reflects Plaintiff suffered abrasions to the left ear, the left corner of the left eye, the right temple, and the upper lip. In addition, Plaintiff sustained a bite wound on two fingers. The wound on one finger was closed with three steri-strips and the other wound only required cleaning. (*Id.* ¶ 2.) Plaintiff was seen in follow-up the next day for a bandage change. At that time, a nurse noted swelling and bruising of a finger and recommended ice. (*Id.* ¶ 3.)

Three days after the incident (July 8, 2016), although the bite wound appeared to be healing well, because of a question regarding possible tendon damage to or a fracture of one of the fingers, an x-ray was ordered. (*Id.* ¶ 4.) The x-ray showed a "transverse, minimally displaced fracture" to one of Plaintiff's fingers. (*Id.* ¶ 5.) Plaintiff was provided a splint and the finger was taped to an adjacent finger. (*Id.* ¶ 6.) Plaintiff's finger was still swollen and painful one month later, though it retained sensation and circulation. (*Id.*)

---

[1] Plaintiff did not file a proper opposing statement of material facts, nor did he file a statement of additional material facts or an affidavit. The record includes Plaintiff's medical records related to the incident, which records Defendants filed in support of their motion. (ECF No. 38-2.)

## DISCUSSION

### A.   Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "After the moving party has presented evidence in support of its motion for summary judgment, 'the burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor.'"  *Woodward v. Emulex Corp.*, 714 F.3d 632, 637 (1st Cir. 2013) (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 158 (1st Cir. 1998)).

A court reviews the factual record in the light most favorable to the non-moving party, resolving evidentiary conflicts and drawing reasonable inferences in the non-movant's favor.  *Hannon v. Beard*, 645 F.3d 45, 47 – 48 (1st Cir. 2011).  If the court's review of the record reveals evidence sufficient to support findings in favor of the non-moving party on one or more of her claims, a trial-worthy controversy exists and summary judgment must be denied to the extent there are supported claims.  Unsupported claims are properly dismissed.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.").

### B.   Analysis

Defendants argue they are entitled to summary judgment to the extent Plaintiff seeks to recover for mental or emotional injury and to the extent Plaintiff attempts to recover from Defendant Maine Department of Corrections.

### *1.   Mental or emotional injury*

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act …."  42 U.S.C. § 1997e(e).  "A number of circuit courts have interpreted 'physical injury' under § 1997e(e) to require an injury to 'be more than de minimis, but need not be significant.'"  *Badger v. Correct Care Solutions*, No. 1:15-CV-00517-JAW, 2016 WL 1430013, at *4 (D. Me. Apr. 11, 2016) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (holding that twisting an inmate's arm behind his back and twisting his ear, causing the ear to bruise for three days, was a de minimis injury), and citing *Mitchell v. Horn*, 318 F. 3d 523, 534 – 35 (3d Cir. 2003) (joining Fifth, Ninth and Eleventh Circuits in adopting de minimis analysis)).  *See also*, *e.g.*, *Eason v. Frye*, 972 F. Supp. 2d 935, 947 (S.D. Miss. 2013) (dog bite on buttocks deemed de minimis); *Flynn v. Baker*, No. 1:10-CV-1209, 2013 WL 5013517, at *2 (S.D. Ind. Sept. 12, 2013) (rib injury and bite mark on wrist, with allegation of excruciating pain, stated claim for more than de minimis physical injury); *Reaux v. Sibley*, No. 3:09-CV-00407, 2011 WL 2455759, at *5 (M.D. La. May 25, 2011), report and recommendation adopted, No. 3:09-CV-00407, 2011 WL 2447096 (M.D. La. June 14, 2011) ("[S]cratches and a small knot on the forehead are injuries that are so minor they are de minimis.")

In this case, Plaintiff alleges a number of injuries, including injuries to two fingers. When the evidence is viewed most favorably to Plaintiff, which evidence includes medical records that reflect that an x-ray taken three days after the alleged assault revealed that a

finger for which Plaintiff was treated immediately after the assault was fractured, a fact finder could reasonably conclude the fracture was caused by the conduct about which Plaintiff complains. On this record, the Court cannot conclude that the fracture to one of Plaintiff's fingers is a de minimis physical injury. Defendants are thus not entitled to summary judgment on Plaintiff's claim for emotional distress damages.

### 2. *Department of Corrections*

In his complaint, Plaintiff alleges "gross negligence" and a violation of his constitutional right. (Complaint at 4, ECF No. 1.) Construed liberally, Plaintiff asserts two claims: a state law negligence claim and a federal constitutional claim arising under 42 U.S.C. § 1983. Absent consent or waiver, the State of Maine and its agencies are immune under the Eleventh Amendment from money damage suits by private citizens brought in federal court, which immunity applies both to federal claims and state claims. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 – 100 (1984); *Coggeshall v. Mass. Bd. of Registration of Psychologists*, 604 F.3d 658, 662 (1st Cir. 2010); *Warren v. Me. State Prison*, 490 F. Supp. 2d 9, 12 n.1 (D. Me. 2007); 14 M.R.S. § 8118.[2] Furthermore, the State of Maine and its agencies are not amenable to suit on a claim for violation of federal rights brought pursuant to § 1983 because they are not "persons" within

---

[2] Pursuant to § 8118 of the Maine Tort Claims Act:

> Nothing in this chapter or any other provision of state law shall be construed to waive the rights and protections of the State under the Eleventh Amendment of the United States Constitution, except where such waiver is explicitly stated by law and actions against the State for damages shall only be brought in the courts of the State in accordance with this chapter.

14 M.R.S. § 8118.

the meaning of the statute.³  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Wang v. N.H. Bd. of Registration in Med.*, 55 F.3d 698, 700 (1st Cir. 1995).  Plaintiff, therefore, cannot proceed on his claim against the Maine Department of Corrections.

## CONCLUSION

Based on the foregoing analysis, the Court grants in part Defendants' Motion for Partial Summary Judgment (ECF No. 37) and dismisses Plaintiff's claims against the Maine Department of Corrections.  The Court otherwise denies Defendants' Motion for Partial Summary Judgment.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of July, 2017.

---

³ Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. …

42 U.S.C. § 1983.